ROBERT S. BLUMBERG, Bar No. 161649
rblumberg@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

ASHLEY J. BRICK, Bar No. 281657
abrick@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendant
ADIDAS AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSERRAT LOPEZ, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:21-cv-00447<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 (CAFA), 1441, 1446 AND 1453**<br><br>Complaint Filed: December 4, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant ADIDAS AMERICA, INC. ("Defendant") hereby removes the above-entitled action brought by Plaintiff Monserrat Lopez ("Plaintiff") in the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), 1446, and 1453.

**I.**

**STATEMENT OF JURISDICTION**

1.      Removal jurisdiction exists because, in relevant part, this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), United States Code, 28 U.S.C. § 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1441.  As set forth herein, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

**II.**

**VENUE**

2.      This action was filed in the Superior Court for the State of California for the County of Ventura.  Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1441(a).

**III.**

**STATUS OF PLEADINGS, PROCESS AND ORDERS**

3. On December 4, 2020, Plaintiff commenced this action by filing a class action complaint in the Superior Court of California, County of Ventura entitled *MONSERRAT LOPEZ, an individual, on behalf of herself, and on behalf of all persons similarly situated, v. ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1 through 50, inclusive,* designated as Case No. 56-2020-00547592-CU-OE-VTA ("Complaint").

4. In the Complaint, Plaintiff, a former employee of Defendant, alleges the following causes of action: (1) unfair competition in violation of Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime in violation of Labor Code §§ 510, *et seq.*; (3) failure to pay minimum wages in violation of Labor Code §§ 1194, 1197, and 1197.1; (4) failure to provide required meal periods in violation of Labor Code §§ 226.7 and 512 and the applicable Wage Order; (5) failure to provide required rest periods in violation of Labor Code §§ 226.7 and 512 and the applicable Wage Order; (6) failure to provide accurate itemized wage statements in violation of Labor Code § 226; (7) failure to pay wages when due in violation of Labor Code §§ 201, 202, and 203; and (8) violation of Labor Code § 1198 and California Code of Regulations, Title 8, Section 1 1070(14) (failure to provide seating).

5. On December 17, 2020, Plaintiff served on Defendant the Complaint, Summons, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information and Stipulation, and a Notice of Case Assignment. Attached as **Exhibit A** to the Declaration of Robert Blumberg In Support of Defendant's Notice of Removal ("Blumberg Decl.") is a true and correct copy of these case initiating documents served upon Defendant.

6. On December 21, 2020, the Court issued a Minute Order deeming the case Provisionally Complex, and setting a Case Management Conference re Provisionally Complex for April 12, 2021. Blumberg Decl., Exh. B.

7. On or about January 6, 2021, Plaintiff filed a Proof of Service in Superior Court of the State of California, County of Ventura. Blumberg Decl., Exh. C.

8. On or about January 14, 2021, Defendant filed its Answer in Superior Court of the State of California, County of Ventura. Blumberg Decl., Exh. D.

9. The documents attached as Exhibits A through D to the Declaration of Robert Blumberg constitute all the process, pleadings or orders related to this case that were filed and/or served upon Defendant or filed or received in the State Court Action. Blumberg Decl., ¶ 7. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Ventura County Superior Court. *Id.* The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

**IV.**
**NOTICE TO PLAINTIFF AND STATE COURT**

10. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Ventura, as required by 28 U.S.C. § 1446(d).

**V.**
**TIMELINESS OF REMOVAL**

11. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice has been filed within thirty days from December 17, 2020, the day Defendant was served with the Complaint and first became aware that the action was removable. Blumberg Decl., ¶ 3, Exh. A.

## VI.

## CAFA JURISDICTION PURSUANT TO SECTION 1332(d)

12.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any Plaintiff is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.  Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state officials or other governmental entity; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

### A.    The Putative Class Contains More Than 100 Members

13.    Plaintiff defines the class she seeks to represent as "all of DEFENDANTS' current and former non-exempt California employees . . . at any time during the period beginning four (4) years prior to the filing of this Complaint."  *See* Exh. A to Blumberg Decl., Compl. ¶ 7.

14.    Defendant currently has approximately 843 non-exempt retail store employees in California.  Declaration of Kristen Lasorsa ("Lasorsa Decl."), ¶ 7.  There are approximately 3,333 current and former non-exempt retail store employees who were employed by Defendant as non-exempt retail store employees in the State of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

California at any time from September 16, 2017, through the present.[1]  *Id.*, ¶ 5. Accordingly, the Class of current and former non-exempt retail store employees contains more than 100 members.

**B.    Defendant Is Not A Governmental Entity**

15.    The named Defendant, ADIDAS AMERICA, INC., is not a state, a state official or any other governmental entity.  Declaration of Kurt Nath Tandan ("Tandan Decl."), ¶ 2.

**C.    Plaintiff's Citizenship is Diverse from Defendant's Citizenship**

16.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A); 1453(b).   Diversity of citizenship exists so long as no Plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For purposes of removal, citizenship of defendants sued under fictitious names are disregarded and only named defendants are considered.  28 U.S.C. § 1441(a).

17.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001) (A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return).  According to the Complaint, Plaintiff worked at an adidas retail store in Camarillo, California from August 2019 to August 2020.  *See* Exh. A to Blumberg Decl., Compl. ¶ 6.  Plaintiff was domiciled in California while she

---

[1] Defendant previously settled a class action lawsuit entitled *ERIC CHAVEZ, as an individual and on behalf of all others similarly situated, v. ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1 through 50, inclusive*, United States District Court for the Northern District of California, Case No. 5:16-cv-06533.LHK.  This matter was removed from Alameda County Superior Court to the United States District Court for the Northern District of California based upon CAFA. Blumberg Decl., ¶ 8.  The *Chavez* Court's final order granting approval was entered on April 19, 2018, and released various wage and hour claims for all current and former non-exempt California employees from October 11, 2012 through September 15, 2017.  *Id.*  It is Defendant's position that the *Chavez* settlement precludes recovery prior to September 16, 2017, where applicable.  Even using this shortened timeline, potential damages well exceed the jurisdictional threshold for removal.

worked for Defendant.  Lasorsa Decl., ¶ 4.  Defendant received Plaintiff's home address during the course of her employment for the purposes of her personnel file and payroll checks.  *Id.*, ¶ 3.  Plaintiff's last known address is located in Ventura County, California.  *Id.*  Plaintiff brought her lawsuit against Defendant in Superior Court for the County of Ventura.  Therefore, Plaintiff was at all times and is a citizen of the state of California.

18.   For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).

19.   A corporation's principal place of business is its "nerve center."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).   Except in unusual circumstances, a corporation's headquarters is its nerve center.  *Id.*   Utilizing the "nerve center" test, Defendant's principal place of business is located in Portland, Oregon.   Tandan Decl., ¶ 4.  Its corporate headquarters are located in Portland, Oregon, and its executive, operational and administrative functions are primarily carried out at its corporate headquarters in Portland, Oregon, which is considered its home office.  *Id.*  These functions include those critical to adidas' business such as product design, innovation, development, and marketing.  *Id.*  Defendant is a corporation duly existing and validly existing under and pursuant to the laws of the State of Oregon.  *Id.*, ¶ 3.  Therefore, Defendant is a citizen of Oregon.

20.   Minimal diversity of citizenship therefore exists here because the named Plaintiff and Defendant are citizens of different states, in that Plaintiff is a citizen of California and Defendant is a citizen of Oregon.

**D.    Amount in Controversy Exceeds $5 Million**

21.   CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000).  *See* 28 U.S.C. § 1332(d)(2).  The standard for establishing the amount in controversy under CAFA is the preponderance of the evidence standard.  *Rodriguez v. AT&T Mobility Servs. LLC*, 2013 U.S. App. LEXIS 17851, *4 (9th Cir.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

1    Cal. Aug. 27, 2013).  In *Rodriguez v. AT&T Mobility* the Ninth Circuit confirmed that

2    the "legal certainty" standard articulated in *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479

3    F.3d 994, 999 (9th Cir. 2007) was "effectively overruled" by the Supreme Court's

4    holding in St*andard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).  *Id.* at *18.

5    Further, as one district court recently held:

> Under this standard, "the removing party's burden is 'not
> daunting,' and defendants are not obligated to 'research, state,
> and prove the Plaintiff's claims for damages.'" When a
> "[d]efendant's calculations [are] relatively conservative, made in
> good faith, and based on evidence wherever possible," the court
> may find that the "[d]efendant has established by a
> preponderance of the evidence that the amount in controversy"
> is met.

*Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571 (E.D. Cal. Feb. 18, 2014).

22.    For purposes of determining whether the minimum amount in controversy has been satisfied, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe if Plaintiff prevails. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy.").

23.    The alleged amount in controversy in this class action, in the aggregate, vastly exceeds $5 million – even applying the narrower time period of September 16, 2017 through the present due to the settlement in *Chavez v. Adidas America, Inc.*, United States District Court for the Northern District of California, Case No. 5:16-cv-06533-LHK, as set forth above.

24.     Plaintiff's Complaint seeks relief on behalf of "all of DEFENDANTS' current and former non-exempt California employees . . . at any time during the period beginning four (4) years prior to the filing of this Complaint." *See* Exh. A to Blumberg Decl., Compl. ¶ 7.  From September 16, 2017 through the present, Defendant employed at least 3,333 current and former non-exempt retail store employees, who worked an approximate total of 457,434 shifts.  Lasorsa Decl., ¶¶ 5-6.  Approximately 90% of these 3,333 employees were part-time employees, and worked fewer than 30 hours per week, while the remaining 90% were full-time, and worked more than 30 hours per week.  *Id.*, ¶ 5.  The average hourly rate of pay for these non-exempt retail store employees was approximately $13.94 per hour.  *Id.*

25.     In her Complaint, Plaintiff alleges that Defendant: "systematically failed to provide legally compliant meal and rest periods, failed to accurate [sic] compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, and failed to issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, the amount of time worked."  *See* Exh. A to Blumberg Decl., Compl. ¶ 13.  Plaintiff alleges that some of these violations were a result of her and other class members being subject to "loss prevention inspections after clocking out at the end of each scheduled shift, and if they left the store during off duty meal periods." *Id.* ¶ 17.

26.     Based upon these allegations, Plaintiff seeks to recover, on behalf of herself and the alleged Class, unpaid wages, premium pay and penalties for Defendant's alleged failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to provide accurate and complete itemized wage statements, and unfair business practices.  *See* Exh. A to Blumberg Decl., Compl., Prayer for Relief.

27.     Plaintiff further alleges that Defendant failed to timely pay Plaintiff and other putative class members who have separated from employment all minimum and

1    overtime wages and all meal and rest period premiums allegedly owed to them upon

2    separation.  *Id.*, ¶¶ 69, 83, 102.  Plaintiff alleges that, as a result, she and the other

3    putative class members are entitled to "waiting-time penalties in the form of a day's

4    wages up to 30 days until all of the wages owed are paid."  *Id.,* ¶ 103.

5        28.    As set forth below, the amount in controversy implicated by the class-

6    wide allegations well exceeds $5 million.  All calculations supporting the amount in

7    controversy are based on the allegations contained in Plaintiff's Complaint, assuming,

8    without  any  admission,  the  truth  of  the  facts  alleged  and  assuming  liability  is

9    established.  When the amount in controversy is not apparent from the face of the

10   Complaint, a defendant may state underlying facts supporting its assertion that the

11   amount in controversy exceeds the jurisdictional threshold.  *Abrego v. The Dow Chem.*

12   *Co.*, 443 F.3d 676, 682-683 (9th Cir. 2006).

13       29.    **Unpaid Minimum Wage and Overtime Compensation.**  In her second

14   and third causes of action, Plaintiff seeks separate payments for unpaid overtime and

15   unpaid minimum wages.  She seeks these payments for time allegedly spent by non-

16   exempt  retail  store  employees  (1)  submitting  to  "loss  prevention  inspections  after

17   clocking out at the end of each scheduled shift, and if they left the store during off duty

18   meal periods" and (2) "work[ing] while clocked out during what was supposed to be

19   [their]  off-duty  meal  break  without  compensation"  as  a  result  of  "demanding  work

20   requirements" and "under staffing."  *See* Exh. A to Blumberg Decl., Compl. ¶¶ 13-14,

21   17-18, 75; Prayer for Relief.  Plaintiff alleges "there were many days where [she] did

22   not even receive a partial lunch."  *Id.*, ¶ 14.

23       30.    Plaintiff's Complaint does not allege how much time she or the other

24   putative class members she seeks to represent allegedly spent working off-the-clock.

25   *See* Exh. A to Blumberg Decl., Compl. ¶ 17-18.  While Defendant denies Plaintiff's

26   allegations  or  that  she  or  the  putative  class  members  are  entitled  to  any  relief,

27   Defendant reasonably estimates for the sake of removal that Plaintiff is alleging that

28   employees worked, at minimum, six minutes of uncompensated time each shift (or

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10.

approximately one half hour of unpaid time per week based on a five-day work week) – both to undergo loss prevention inspections every shift, and for time employees were allegedly required to work during their off-duty meal breaks.

31.     Assuming that each employee worked six minutes off the clock each shift, the reasonable estimate of the amount in controversy for Plaintiff's third cause of action for unpaid wages is **$637,663** (457,434 work shifts x .1 hours x $13.94/hour). Blumberg Decl., ¶ 11.  Given that only about 10% of Defendant's workforce is full-time, it is reasonable to assume that those off-the-clock hours should be compensated at an overtime rate (i.e., an additional 50% of the average hourly wage) in approximately 10% of shifts worked.  *Id.*  Therefore, the reasonable estimate of the additional amount in controversy for Plaintiff's second cause of action for unpaid overtime is **$31,883** [(457,434 x 10%) x .1 hours x (13.94/hour x .5)].  *Id.*  The total for these two causes of action is **$669,546**.  *Id.*

32.     **Meal and Rest Period Payments.** Plaintiff seeks separate payments for (1) denial of meal periods and (2) denial of rest breaks in her fourth and fifth causes of action.  *See* Exh. A to Blumberg Decl., Compl. ¶¶ 15-16, 85-86, 89-90; Prayer for Relief.

33.     Labor Code § 226.7 requires employers to pay an extra hour's pay for each shift that an employee is not provided a meal period or a rest period.  An employee denied meal and/or rest periods may be entitled to an hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods.  *United Parcel Service Inc. v. Super. Ct.*, 196 Cal. App. 4th 57, 69 (2011); *see also Marquez v. NLP Janitorial, Inc.*, No. 16-cv-06089-BLF, 2019 WL 652866, at *7 (N.D. Cal., Feb. 15, 2019) (same).  Plaintiff alleges each putative class member is entitled to meal break premiums for each day a meal period is missed, in addition to rest break premiums for each day a rest period is missed.  Exh. A to Blumberg Decl., Compl. ¶¶ 46-47.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

11.

34.     The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). However, Plaintiff alleges a claim for meal and rest break premiums pay as part of her unfair competition claim under Business and Professions Code section 17200, *et seq.*, alleging that the four-year statute of limitations applies, and should be considered for purposes of determining the amount in controversy for removal. Cal. Bus. & Prof. Code § 17208; s*ee* Exh. A to Blumberg Decl., Compl. ¶ 43.

35.     From September 16, 2017 through the present, non-exempt retail store employees worked a total of approximately 457,434 shifts, and approximately 61% of those shifts (279,294) were more than five hours in length. Lasorsa Decl., ¶ 6. On these shifts, non-exempt retail store employees are potentially entitled to at least one meal period. Based on Plaintiff's allegations that Defendant "knowingly and systematically failed to provide legally compliant meal and rest periods" (Compl. ¶ 13) and that "there were many days where PLAINTIFF did not even receive a partial lunch," (Compl. ¶ 14), Defendant has reasonably estimated for the sake of removal that Plaintiff is asserting a meal period violation in 40% of meal-period eligible shifts (the equivalent to two shifts a week in a five-day week). Blumberg Decl., ¶ 12. Under that assumption, the amount in controversy for Plaintiff's meal period claims totals **$1,557,343** ($13.94/hr. x 279,294 shifts over 5 hours x 40%). *Id.*

36.     As to rest periods, Plaintiff alleges that "as a result of their rigorous work schedules and Defendants' inadequate staffing," she and the putative class members were "denied their proper rest periods," and that "[w]hen rest periods were provided, Defendant unlawfully required Plaintiff and other California Class members to remain on the premises and on duty for those periods." *See* Exh. A to Blumberg Decl., Compl. ¶ 16.

37.     This amounts to an allegation that Plaintiff and the putative class members suffered a rest break violation in every rest break-eligible shift, i.e., any shift over 3.5 hours.  For purposes of removal, Defendant has conservatively assumed that 75% of total shifts were over 3.5 hours, and that Plaintiff is alleging she was denied a completely off-duty rest period 40% of the time.  Blumberg Decl., ¶ 13.  Given these allegations, the amount in controversy for Plaintiff's rest period claim totals **$1,912,989** ($13.94/hr. x (457,434 total shifts x 75% x 40%)).  *Id.*

38.     Accordingly, the reasonable estimate of the amount in controversy for Plaintiff's fourth and fifth causes of action for meal and rest break violations is **$3,470,332** [$1,557,343 + $1,912,989].

39.     **Labor Code § 226 – Wage Statement Penalties.**  Plaintiff's sixth cause seeks damages for Defendant's alleged failure to provide the putative class with accurate itemized wage statements, in violation of California Labor Code section 226.  *See* Exh. A to Blumberg Decl., Compl. ¶¶ 20, 94.  Labor Code section 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code section 226 is one year.  Cal. Civ. Proc. Code § 340(a).

40.     Based on Plaintiff's allegations that she and the putative class members were subject to mandatory, uncompensated loss prevention inspections after clocking out for both meal breaks and end of shifts, and were paid inaccurate meal and rest period premiums, Plaintiff alleges that she and the putative class members were derivatively deprived of an accurate wage statement each pay period because the wage statements did not reflect the correct number of hours worked, the correct applicable hourly rates or premium pay for meal and rest periods.  *See* Exh. A to Blumberg Decl., Compl. ¶¶ 20, 94.  Defendant pays non-exempt employees every two weeks – thus, there are approximately 26 pay periods each year.  Lasorsa Decl., ¶ 8.  An employee receiving defective paystubs for an entire year could claim penalties of $2,550.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

41.     Defendant currently has approximately 843 current non-exempt retail store employees.  Lasorsa Decl., ¶ 7.  Over the one-year statute of limitations for this claim, Defendant estimates that these employees worked during approximately 21,918 pay periods [843 employees x 26 pay periods].  Blumberg Decl., ¶ 14.  Accordingly, the amount in controversy for Plaintiff's sixth cause of action for wage statement penalties is **$2,149,650** [($50 for the initial pay period x 843 initial pay periods) + ($100 x (21,918 total pay periods – 843 initial pay periods))].  *Id.*

42.     **Labor Code § 203 – Waiting Time Penalties.** Plaintiff's seventh cause of action seeks payment for waiting time penalties under Labor Code sections 201, 202, and 203, and is derivative of Plaintiff's other claims for unpaid minimum wage, overtime compensation, and  meal and rest break violations.  *See* Exh. A to Blumberg Decl., Compl. ¶¶ 69, 83, 102.

43.     Labor Code section 203(a) provides that, "if an employer willfully fails to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid, not to exceed 30 days.

44.     The limitations period for potential claims under Labor Code section 203 is from December 4, 2017 (three years before the Complaint was filed) to the present. During this time frame, there were approximately 2,440 non-exempt retail store employees in California whose employment was separated.  Lasorsa Decl., ¶ 7.

45.     Conservatively assuming for purposes of removal that employees worked an average of about 4.5 hours per day, the reasonable estimate of the amount in controversy for Plaintiff's seventh cause of action for waiting time penalties is **$4,591,836** [2,440 employees x 4.5 hours per day x $13.94 per hour x 30 days]. Blumberg Decl., ¶ 15.

46.     **Labor Code §§ 1198, *et seq.* – Failure to Provide Suitable Seating.**  In her eighth cause of action, Plaintiff alleges that Defendant has violated California Labor Code § 1198 in failing to provide Plaintiff and the putative Class members with

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

14.

suitable seating.  Damages are only recoverable under this section under the Private Attorneys General Act (PAGA), and so Defendant has not calculated the amount in controversy for this claim.

47.   Based upon the foregoing, Defendant reasonably concludes that for the purposes of removal, the amount in controversy for all asserted claims is approximately **$10,881,364**, calculated as follows:

| | |
|---|---|
| **$669,546** | Unpaid Minimum Wage & Overtime |
| **$1,557,343** | Meal Period Premium |
| **$1,912,989** | Rest Period Premiums |
| **$2,149,650** | Labor Code § 226 Penalties – Wage Statements |
| **$4,591,836** | Labor Code § 203 Penalties – Waiting Time |

Blumberg Decl., ¶ 16.  This does not include Plaintiff's claim for attorney's fees.

48.   In sum, Defendant has established by a preponderance of the evidence that the amount in controversy vastly exceeds the $5 million jurisdictional minimum for CAFA removal.

## VII.

## CONCLUSION

49.   Defendant has established by a preponderance of the evidence that the putative class exceeds 100 persons, that the dispute is between citizens of different states, and that the amount in controversy for this class action exceeds the $5 million minimum for federal jurisdiction.  For this reason and the others discussed above, removal of this action is appropriate under 28 U.S.C. §1332(d).

Dated: January 15, 2021

By: */s/ Robert S. Blumberg*
ROBERT S. BLUMBERG
ASHLEY J. BRICK
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ADIDAS AMERICA, INC.

4848-3528-1365.4 110067.1001

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

15.